**Laura MITICHYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71846.

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 2004.*

Decided Aug. 16, 2004.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Laura Mitichyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge of her requests for asylum, withholding of removal and relief under the Convention Against Torture (the Convention). The BIA determined that Mitichyan's testimony was not credible, therefore, she had not met her bur-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

den of demonstrating past persecution or a well-founded fear of persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence and will uphold it unless the evidence compels a contrary conclusion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

We conclude that substantial evidence supports the adverse credibility determination. Of particular significance were certain discrepancies between Mitichyan's statements on her asylum application and her testimony before the Immigration Court. Mitichyan claimed on her application that she was beaten and abused, but she testified that she was only threatened. Also, Mitichyan claimed on her application that her son joined the political party in 1995, but she testified that her son was not a party member. Mitichiyan provided no documents to corroborate her testimony and provided limited and sometimes conflicting details about her political activities. The BIA's determination that Mitichyan failed to make a credible claim for asylum is supported by substantial evidence and must be upheld. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Mitichyan did not establish eligibility for asylum, she did not satisfy the more stringent standard for withholding of exclusion and deportation. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). Mitichyan is not entitled to relief under the Convention because she failed to demonstrate that it was more likely than not that she would be tortured upon return to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

This court granted Mitichyan's timely motion for stay of removal, which pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), included a timely request for stay of voluntary departure. Accordingly, the voluntary departure period was stayed, nunc pro tunc, to the filing of the motion for stay of removal. The stays of voluntary departure and removal will expire upon the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**